UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 19 2003

Michael N. Milby
Clerk of Court

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff | § | B-03-213 |
| | § | CIVIL ACTION _____ |
| versus | § | (Claim: C103-00321) |
| | § | |
| SCOTT B. CHORNY, | § | |
| | § | |
| Defendant | § | |

# Complaint

1. *Jurisdiction.* The district court has jurisdiction because the United States is a party. *See* U.S. CONST., art III, § 2, and 28 U.S.C. § 1345.

2. *Venue.* The defendant is a resident of Cameron County, Texas, and may be served with process at 1214 Dixieland Road #5, Harlingen, Texas 78550.

3. *The Debt.* The debt owed the United States as of the date of the Certificate of Indebtedness is:

   A.  Current principal                                     $  74,588.11
   B.  Interest (capitalized and accrued as of 1-31-03)      $     898.47
   C.  Administrative fees, costs, penalties                 $       0.00
   D.  Attorney's fees                                       $   3,500.00
   E.  Balance due                                           $  78,986.58
   F.  Prejudgment interest accrues at

       4.375% per annum being $ 8.94 per day.

   The current principal in paragraph 3 A is after credits of $ 4,921.84.

The certificate of indebtedness, attached as Exhibit A, shows the total owed excluding attorney's fees and central intake facility charges. On the date of the certificate the principal and interest shown were correct after credits having been applied.

4. *Failure to pay.* Demand has been made on the defendant to pay the indebtedness, and the defendant has failed to pay it.

5. *Prayer.* The United States prays for judgment for:

   A. The sums in paragraph 3 plus pre-judgment interest through the date of judgment, administrative costs, and post-judgment interest.

   B. Attorney's fees; and,

   C. Other relief the court deems proper.

Respectfully submitted,

ALONSO, CERSONSKY & GARCÌA, P.C.

By: _____
M. H. Cersonsky
State Bar: 04048500, Fed #5082
Jim L. García
State Bar: 07636700, Fed #8115
5065 Westheimer, Suite 600
Houston, Texas 77056
Telephone: (713) 840-1492
Fax: (713) 840-0038

Attorneys for Plaintiff



**DEPARTMENT OF HEALTH & HUMAN SERVICES**　　　　Program Support Center

Rockville MD 20857

FEB 20 2003

## CERTIFICATE OF INDEBTEDNESS

Scott B. Chorny
4205 Wilson Road #51
Harlingen, TX 78552
Ref: 50138661

Total debt due United States as of January 31, 2003: $75,486.58 (principal $74,588.11, interest $898.47, administrative costs $0.00).

I certify that the Department of Health and Human Services records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $74,588.11 from January 31, 2003, at the rate of 4.375%. Interest accrues on the principal amount of this debt at the rate of $8.94 per day. Interest is computed at a variable rate and is adjusted quarterly. Due to the semi-annual compounding of interest, the current principal amount is greater than the original amount borrowed.

The claim arose in connection with a Government-insured Health Education Assistance Loan (HEAL) made by a private lender and assigned to the United States.

As a student at the Cleveland Chiropractic College, you applied for and were granted the following Health Education Assistance Loans (HEAL), Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p):

| Date Disbursed | Original Principal | Interest Rate |
| --- | --- | --- |
| 10/90 | $2,720.00 | 8.5% |
| 09/90 | $8,400.00 | 8.5% |
| 04/91 | $8,200.00 | 8.5% |
| 02/92 | $8,695.00 | 8.5% |
| 10/92 | $10,150.00 | 8.5% |

Your loans were consolidated into one loan in the amount of $48,429.44. You signed a promissory note on March 20, 1995, agreeing to repay the loan at a variable rate of interest.

Upon your leaving the Cleveland Chiropractic College, you were granted several forbearance agreements for during the period of March 29, 1997, to April 28, 2000, with payments to begin May 28, 2000. Between July 10, 1995, and April 12, 1999, you made twenty (20) payments totaling $4,921.84.

On September 25, 2000, the SLMA sent you a final demand letter to remit payment in full or your account would be filed as a default claim. You did not make any payments, nor did you respond.

PLAINTIFF'S EXHIBIT A

## PAGE 2 - CERTIFICATE OF INDEBTEDNESS - SCOTT B. CHORNY

Due to your failure to continue making payments, the SLMA filed an insurance claim on October 4, 2001, with the Department of Health and Human Services (DHHS). The claim in the amount of $70,867.00 was paid on October 26, 2001, and an assignment of the notes was received.

By letter dated November 2, 2001, you were notified that the previous holder of your Health Education Assistance Loans placed you in default and assigned your notes to the United States Government. You were informed that your student loans were consolidated using the lowest interest rate allowable by law. Enclosed were instructions for entering into a repayment agreement (RA) with notice that it must be completed and returned within thirty (30) days. You did not respond.

By letter dated January 3, 2002, you were notified that your account had been referred to OSI Collection Services Inc. for collection. You were advised that your account would be referred to the DOJ if you failed to either remit payment in full or enter into a RA. You did not make any payments, nor did you respond.

In a letter dated February 26, 2002, you were notified of the DHHS' intent to refer your HEAL debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, a RA, or payment in full received within sixty (60) days from the date of the letter would terminate administrative offset action. You did not respond.

On August 6, 2002, you were notified that you had sixty (60) days in which to resolve your delinquent debt. You were advised that if you were unwilling to establish a RA, your case would be immediately referred to the Office of the Inspector General (OIG) for exclusion from participation in the Medicare/Medicaid Programs. The letter also informed you that in the event you did not enter into a RA, your debt would be referred to the DOJ for enforced collection. You did not comply.

To date, a total amount of $4,921.84 has been credited to your account.

Repeated attempts by DHHS have been unsuccessful in establishing an acceptable repayment schedule for your debt. Because of your lack of cooperation the federal government is exercising its option and declaring your note due and payable. Accordingly, your debt has now been referred to the DOJ for enforced collection.

The amount due should be remitted by check, draft or money order(s) payable to the "U.S. Department of Justice" and mailed directly to the United States Attorney, Southern District of Texas, U.S. Courthouse, 515 Rusk, Houston, TX 77002.

CERTIFICATION: *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

FEB 20
_____
Date

_____
Barry M. Blum
Chief, Referral Control Section
Debt Management Branch