UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
JAN 09 2004
Michael N. Milby, Clerk of Court

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SCOTT B. CHORNY

C.A. No.: B-03-213
(Claim No.: C103-00321)

### DEFENDANT'S ANSWER TO SUMMONS

Pursuant to the demand by the plaintiff's attorney, this "ANSWER" is being filed with the Clerk of the Court within a reasonable period of time following the receipt of the "SUMMONS" on December 17, 2003. An attempt was previously made to file the attached answer on January 6, 2004, however, was not accepted at the Clerk's office due to the apparent unacceptable format of the 'ANSWER" from Scott B. Chorny.

A true and correct copy of this answer will be forwarded promptly via return receipt mail to the plaintiff's attorney,

M.H. Cersonsky
Galleria Financial Center
5065 Westheimer, Suite 600
Houston, Texas 77056

_____
Scott B. Chorny

January 9, 2004
Date

December 26, 2003

M.H. Cersonsky
Galleria Financial Center
5065 Westheimer, Suite 600
Houston, Texas 77056

RE: Case Number B-03-213
    United States of America V. Scott B. Chorny

M.H. Cersonsky:

I am in receipt of a "SUMMONS IN A CIVIL CASE" in regard to the above referenced case. Attached is the answer to this complaint, sent within 20 days as demanded. This original response is being sent via Express Mail directly to the plaintiff's attorney. An exact copy of this response will be filed with the Clerk of the Court in Brownsville, Texas.

It has been, and continues to be, my contention that the HEAL loans being addressed in this action have been previously consolidated into another loan, which is now in repayment and in good standing. Attached is additional information in support of this position.

Upon receipt of a letter from the plaintiff's attorney, M. H. Cersonsky, dated August 25, 2003, I immediately called and spoke to Mr. Cersonsky in depth on August 28, 2003 regarding the matter of allegedly unresolved HEAL loans. This conversation included detailed discussion and my position that the HEAL loans addressed in this action have been consolidated and are in good standing. When I explained the facts and my position, Mr. Cersonsky stated that this may be true and additional investigation may be warranted. I stated at that time that I would contact him upon receipt of additional information in this matter. The following are facts in this matter:

>    - Stafford, Supplemental and Perkins student loans were consolidated in 1995 in the amount of $70,985. This amount did not include HEAL loans. See attached DEF "EXHIBIT A".

- All student loans for Scott B. Chorny were brought into current status in March of 2003 and include the HEAL loans in question. When these loans were brought into current status, no additional correspondence was received by Scott B. Chorny in reference to delinquent HEAL loans. This is the reason for no additional response from Scott B. Chorny regarding alleged HEAL loan default.

- Information regarding the disbursement dates and amounts of HEAL loans has been sought by Scott B. Chorny since initial contact with the plaintiff's attorney, including of numerous phone calls and facsimile transmissions to lenders and their representatives. No detailed information has been obtained thus far in this search. This search for information has continued.

- Scott B. Chorny called and spoke with Teresa at Sallie Mae, a student loan lender, on October 22, 2003. She stated that Sallie Mae showed five (5) HEAL loans that were in fact paid by loan consolidation with the Stafford, Supplemental and Perkins student loans.

- Scott B. Chorny made a follow up call to plaintiff's attorney, M. H. Cersonsky, on October 22, 2003 to discuss facts of this matter. Scott B. Chorny was told that Mr. Cersonsky was not in the office and no date or time of return was known. A message was left for Mr. Cersonsky at that time.

- Information sent by the plaintiff's attorney and received by Scott B. Chorny on 12-17-03 contained in the "SUMMONS IN A CIVIL CASE" shows apparent dates and amounts of HEAL loan disbursements. This is information that Scott B. Chorny has made numerous attempts to obtain from student loan lenders without success, most of the time due to the reported sales of these loans to different lenders and the elapsed time since the original loan disbursements. This information also supports the fact that HEAL loans were consolidated into one loan in 1995, as were Stafford, Supplemental and Perkins student loans. This information is contained in the section entitled, "CERTIFICATE OF INDEBTEDNESS" sent to Scott B. Chorny by the plaintiff's attorney. A copy of this document is attached. See DEF "EXHIBIT B"

Based on factual data contained in DEF "EXHIBIT A", as well as the plaintiff's 'CERTIFICATE OF INDEBTEDNESS", DEF "EXHIBIT B", it is hereby alleged by Scott B. Chorny that the HEAL loans in question now reported as delinquent were actually consolidated with Stafford, Supplemental and Perkins student loans with these loans currently in good standing and in repayment. Furthermore, when the total amount of Stafford, Supplemental and Perkins student loans outstanding is combined with the amount of HEAL loans outstanding, this approximates the total student loan debt due by Scott B. Chorny. Once again, by referring to DEF "EXHIBIT A", it is apparent that Stafford, Supplemental and Perkins student loans consolidated in 1995 totaled $70,985. The consolidation of loans that is shown in DEF "EXHIBIT A" in 2003 totals $142,297. According to DEF "EXHIBIT B", Scott B. Chorny made twenty (20) payments on the HEAL loans in question between the dates of these consolidations in 1995 and 2003. The

only logical way for the total loan amount due by Scott B. Chorny to equal the consolidated amount of $142, 297 in 2003 is to combine the Stafford, Supplemental and Perkins student loans with the HEAL loans. The current approximate balance of student loans for Scott B. Chorny that are in currently in repayment and in good standing is $149,000.

In light of this factual data, I am requesting that this matter be immediately resolved by withdrawing the action against Scott B. Chorny. At the very least, additional investigation is clearly warranted in this matter to ensure fairness to all parties involved. This position may be amended if additional, factual information is received and reviewed by Scott B. Chorny.

Finally, please send any additional correspondence regarding this matter to:

Scott B. Chorny
P.O. Box 388
Harlingen, TX 78551

Sincerely,

Scott B. Chorny

**DEF.**

# "EXHIBIT A"



# STUDENT ACCESS
# FINANCIAL AID REVIEW

---

NSLDS is a repository of information from many sources. Changes to the data are made by those sources. Collecting the data into one central location such as NSLDS gives you convenience and saves you time. If for any reason you disagree with the information reported to NSLDS, please contact one or more of the sources of your data listed on the detail pages on this site. The Department is also available as a resource at 1-800-4FEDAID if you need additional assistance. Your comments and corrections will help improve the services NSLDS provides.

---

**Loan(s) for SCOTT CHORNY**     **Your enrollment status is NEVER ATTENDED**

| Type of Loan | Loan Amount | Loan Date | Disbursed Amount | Canceled Amount | Outstanding Principal | Outstanding Interest |
|---|---|---|---|---|---|---|
| DIRECT CONSOLIDATED UNSUBSIDIZED | $142,297 | 03/21/2003 | $142,297 | $0 | $149,224 | $67 |
| FFEL CONSOLIDATED | $70,985 | 07/31/1995 | $70,985 | $0 | $0 | $0 |
| SUPPLEMENTAL LOAN (SLS) | $2,420 | 06/25/1992 | $2,420 | $0 | $0 | $0 |
| STAFFORD SUBSIDIZED | $7,500 | 06/25/1992 | $7,500 | $0 | $0 | $0 |
| STAFFORD SUBSIDIZED | $7,500 | 11/14/1991 | $7,500 | $0 | $0 | $0 |
| SUPPLEMENTAL LOAN (SLS) | $4,000 | 11/14/1991 | $4,000 | $0 | $0 | $0 |
| SUPPLEMENTAL LOAN (SLS) | $2,000 | 07/30/1991 | $2,000 | $0 | $0 | $0 |
| STAFFORD SUBSIDIZED | $3,750 | 07/26/1991 | $3,750 | $0 | $0 | $0 |
| SUPPLEMENTAL LOAN (SLS) | $4,000 | 03/22/1991 | $2,000 | $2,000 | $0 | $0 |
| STAFFORD | | | | | | |

**DEPARTMENT OF HEALTH & HUMAN SERVICES**  Program Support Center



"EXHIBIT **DEF.** B"

Rockville MD 20857

FEB 20 2003

## CERTIFICATE OF INDEBTEDNESS

Scott B. Chorny
4205 Wilson Road #51
Harlingen, TX 78552
Ref: 50138661

Total debt due United States as of January 31, 2003:  $75,486.58 (principal $74,588.11, interest $898.47, administrative costs $0.00).

I certify that the Department of Health and Human Services records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $74,588.11 from January 31, 2003, at the rate of 4.375%. Interest accrues on the principal amount of this debt at the rate of $8.94 per day. Interest is computed at a variable rate and is adjusted quarterly. Due to the semi-annual compounding of interest, the current principal amount is greater than the original amount borrowed.

The claim arose in connection with a Government-insured Health Education Assistance Loan (HEAL) made by a private lender and assigned to the United States.

As a student at the Cleveland Chiropractic College, you applied for and were granted the following Health Education Assistance Loans (HEAL), Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p):

| Date Disbursed | Original Principal | Interest Rate |
|---|---|---|
| 10/90 | $2,720.00 | 8.5% |
| 09/90 | $8,400.00 | 8.5% |
| 04/91 | $8,200.00 | 8.5% |
| 02/92 | $8,695.00 | 8.5% |
| 10/92 | $10,150.00 | 8.5% |

Your loans were consolidated into one loan in the amount of $48,429.44. You signed a promissory note on March 20, 1995, agreeing to repay the loan at a variable rate of interest.

Upon your leaving the Cleveland Chiropractic College, you were granted several forbearance agreements for during the period of March 29, 1997, to April 28, 2000, with payments to begin May 28, 2000. Between July 10, 1995, and April 12, 1999, you made twenty (20) payments totaling $4,921.84.

On September 25, 2000, the SLMA sent you a final demand letter to remit payment in full or your account would be filed as a default claim. You did not make any payments, nor did you respond.

PLAINTIFF'S EXHIBIT A