ORIGINAL

United States District Court
Southern District of Texas
FILED

FEB 0 6 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION B-03-213 |
| | § | (ClaimC103-00321) |
| SCOTT B. CHORNY | § | |
| | § | |
| Defendant | § | |

# Motion for Summary Judgment

To the Honorable Lynn N. Hughes:

United States of America ("USA") moves for Summary Judgment because Scott B. Chorny has not raised a genuine issue as to any material fact and USA is entitled to a judgment as a matter of law. In addition, Scott B. Chorny has no valid legal defense. In support of this Motion, USA files its evidence and Memorandum in Support of USA's Motion for Summary Judgment. USA is the owner and holder of the Note signed by Scott B. Chorny ("Chorny").

The Note is attached as Exhibit "B" to the Affidavit of Amount Due. The Note is dated March 20, 1995, payable to the Student Loan Marketing Association. The Note is in default. As set forth in the affidavit of amount due, the amount owed is calculated as follows:

**Claim : C103-00321**

| | | |
|---|---|---|
| Current Principal | | $74,588.11 |
| Interest on Principal (As of January 31, 2003) | | $ 898.47 |
| Attorney's Fees | | $ 3,500.00 |
| Total Due | | $78,986.58 |
| Interest Rate: | 4.375% | |
| Daily Accrual: | $8.94 | |

Plaintiff also seeks to recover its reasonable attorney's fees, post-judgment interest and costs of court. The Certificate of Indebtedness from the Department of Health and Human Services is attached as Exhibit "A" to the Affidavit of Amount Due and shows the amounts owing.

Defendant has not denied signing the note, but has raised a defense of payment for which he has no evidence that he has paid sums on these particular notes for which he has not been given credit.

USA prays that Summary Judgment be entered for:

(1) the amounts set forth above;

(2) accrued pre-judgment interest until date of judgment;

(3) attorney's fees of $3,500.00 and additional fees in the event of appeal of $5,000.00 and,

(4) post-judgment interest and costs of court.

Respectfully submitted,

By: [signature]

M. H. Cersonsky, TBA#04048500/SD #5082
5065 Westheimer, Suite 600
Houston, Texas 77056
Tel. No.: (713) 840-1492
Fax No.: (713) 840-0038
Attorneys for United States of America

Of Counsel:
Alonso, Cersonsky & García, P.C.

## Notice of Motion

To: Scott B. Chorny
P.O. Box 388
Harlingen, Texas 78551

Please take notice that the foregoing USA's Motion for Summary Judgment will be brought before the Court on MARCH 1, 2004 or as soon thereafter as the business of the Court will permit.

M. H. Cersonsky

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Motion for Summary Judgment, Memorandum in Support of Plaintiff's Motion for Summary Judgment and Affidavit on Attorney's Fees was sent via certified mail, return receipt requested, on February 3, 2004, to:

Scott B. Chorny
P.O. Box 388
Harlingen, Texas 78551

M. H. Cersonsky

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-213 |
| | § | (Claim No.C103-00321) |
| SCOTT B. CHORNY | § | |
| | § | |
| Defendant | § | |

## Affidavit of Amount Due

The State of Texas §
§
County of Harris §

I, M. H. Cersonsky, being first duly sworn, state that I am the attorney of record for the Plaintiff in the above-styled and numbered cause; that I have read the Complaint filed in this action, know the contents thereof, I am familiar with the evidence which would be offered by the Plaintiff at the trial of this case, and that based thereon I officially state that according to the records of the Department Health and Human Services, Scott B. Chorny owes Plaintiff on the debt set forth in the Complaint, the following amounts:

**Claim : C103-00321**

| | |
|---|---|
| Current Principal | $74,588.11 |
| Interest on Principal (As of January 31, 2003) | $ 898.47 |
| Attorney's Fees | $ 3,500.00 |
| Total Due | $78,986.58 |
| Interest Rate: 4.375% | |
| Daily Accrual: $8.94 | |

Attached as Exhibit "A" is a true and correct copy of the Certificate of Indebtedness regarding the Debtor, Scott B. Chorny from the Department of Health and Human Services regarding the note, dated March 20, 1995, which set forth the amounts owed. The information contained in the Certificate of Indebtedness is true and correct and is consistent with the information contained in the records of the United States of America and the loan guaranty programs authorized under Title IV-B of the Higher Education Act

of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). Interest continues to accrue on the principal balances at the rates set forth above.

Attached as Exhibit "B" is a true and correct copy of a second affidavit or declaration from Barry M. Blum, Chief of the Referral Control Section, Debt Management Branch, Division of Financial Operations, Program Support Center, Department of Health and Human Services (HHS). The affidavit is dated January 7, 2004. Blum states that he examined Chorny's records and HHS has not received funds on his behalf from any loan consolidation. See declaration, paragraph 7.

Attached as Exhibit "C" is a true and correct copy of the note signed by Scott B. Chorny dated March 20, 1995, which was kept in the regular course of business of the Student Loan Marketing Association and the Department of Health and Human Services. The information contained in the documents was made at or near the time of the events recorded thereon by someone with knowledge of the events reflected thereon.

United States of America is the holder and owner of the above-referenced note, a default in payment of the note has occurred and the principal amounts owed are set forth above, plus pre-judgment interest as set forth above.

M. H. Cersonsky
Attorney for USA
5065 Westheimer, Suite 600
Houston, Texas 77056
Tel. No.: (713) 840-1492
Fax No.: (713) 840-0038

Subscribed and Sworn to before me on February 3, 2004

SAN JUANITA RUIZ
Notary Public, State of Texas
My Commission Expires 02-25-06

Notary Public in and for
The State of Texas



DEPARTMENT OF HEALTH & HUMAN SERVICES

Program Support Center

Rockville MD 20857

FEB 20 2003

# CERTIFICATE OF INDEBTEDNESS

Scott B. Chorny
4205 Wilson Road #51
Harlingen, TX 78552
Ref: 50138661

Total debt due United States as of January 31, 2003: $75,486.58 (principal $74,588.11, interest $898.47, administrative costs $0.00).

I certify that the Department of Health and Human Services records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $74,588.11 from January 31, 2003, at the rate of 4.375%. Interest accrues on the principal amount of this debt at the rate of $8.94 per day. Interest is computed at a variable rate and is adjusted quarterly. Due to the semi-annual compounding of interest, the current principal amount is greater than the original amount borrowed.

The claim arose in connection with a Government-insured Health Education Assistance Loan (HEAL) made by a private lender and assigned to the United States.

As a student at the Cleveland Chiropractic College, you applied for and were granted the following Health Education Assistance Loans (HEAL), Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p):

| Date Disbursed | Original Principal | Interest Rate |
|---|---|---|
| 10/90 | $2,720.00 | 8.5% |
| 09/90 | $8,400.00 | 8.5% |
| 04/91 | $8,200.00 | 8.5% |
| 02/92 | $8,695.00 | 8.5% |
| 10/92 | $10,150.00 | 8.5% |

Your loans were consolidated into one loan in the amount of $48,429.44. You signed a promissory note on March 20, 1995, agreeing to repay the loan at a variable rate of interest.

Upon your leaving the Cleveland Chiropractic College, you were granted several forbearance agreements for during the period of March 29, 1997, to April 28, 2000, with payments to begin May 28, 2000. Between July 10, 1995, and April 12, 1999, you made twenty (20) payments totaling $4,921.84.

On September 25, 2000, the SLMA sent you a final demand letter to remit payment in full or your account would be filed as a default claim. You did not make any payments, nor did you respond.

PLAINTIFF'S EXHIBIT

**PAGE 2 - CERTIFICATE OF INDEBTEDNESS - SCOTT B. CHORNY**

Due to your failure to continue making payments, the SLMA filed an insurance claim on October 4, 2001, with the Department of Health and Human Services (DHHS). The claim in the amount of $70,867.00 was paid on October 26, 2001, and an assignment of the notes was received.

By letter dated November 2, 2001, you were notified that the previous holder of your Health Education Assistance Loans placed you in default and assigned your notes to the United States Government. You were informed that your student loans were consolidated using the lowest interest rate allowable by law. Enclosed were instructions for entering into a repayment agreement (RA) with notice that it must be completed and returned within thirty (30) days. You did not respond.

By letter dated January 3, 2002, you were notified that your account had been referred to OSI Collection Services Inc. for collection. You were advised that your account would be referred to the DOJ if you failed to either remit payment in full or enter into a RA. You did not make any payments, nor did you respond.

In a letter dated February 26, 2002, you were notified of the DHHS' intent to refer your HEAL debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, a RA, or payment in full received within sixty (60) days from the date of the letter would terminate administrative offset action. You did not respond.

On August 6, 2002, you were notified that you had sixty (60) days in which to resolve your delinquent debt. You were advised that if you were unwilling to establish a RA, your case would be immediately referred to the Office of the Inspector General (OIG) for exclusion from participation in the Medicare/Medicaid Programs. The letter also informed you that in the event you did not enter into a RA, your debt would be referred to the DOJ for enforced collection. You did not comply.

To date, a total amount of $4,921.84 has been credited to your account.

Repeated attempts by DHHS have been unsuccessful in establishing an acceptable repayment schedule for your debt. Because of your lack of cooperation the federal government is exercising its option and declaring your note due and payable. Accordingly, your debt has now been referred to the DOJ for enforced collection.

The amount due should be remitted by check, draft or money order(s) payable to the "U.S. Department of Justice" and mailed directly to the United States Attorney, Southern District of Texas, U.S. Courthouse, 515 Rusk, Houston, TX 77002.

CERTIFICATION: *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

FEB 20 [illegible]

Date

Barry M. Blum
Chief, Referral Control Section
Debt Management Branch

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )
)
Scott B. Chorny )
)
Defendant. )

DECLARATION OF BARRY M. BLUM

Barry M. Blum, declares and states as follows:

1. I am Chief of the Referral Control Section, (RFC) Debt Management Branch, (DMB) Division of Financial Operations, (DFO) Program Support Center (PSC), Department of Health and Human Services (HHS). As Chief of the RFC, I am authorized to examine the records and claims of the HHS, and to execute Declarations based on those examinations. I examined the official HHS' records pertaining to the defendant Scott B. Chorny and submit this document based on the review of those records that are maintained in the regular and ordinary course of business of the agency.

2. The Health Education Assistance Loan (HEAL) Program, authorized under Title 42, United States Code and implemented by regulations in Part 60, Code of Federal Regulations, is a loan

PLAINTIFF'S EXHIBIT "2"

program for health professions students under which private lenders make loans and, under an insurance agreement, the Department of Health and Human Services guarantees them fully in the event of the default, bankruptcy or death of the borrower.

3. On or about October 1990, Scott Chorny (hereafter "defendant") received the first of five loans in the amount of $2,720. The four additional loans were disbursed on or about September 1990, in the amount of $8,400;on or about April 1991, in the amount of $8,200; on or about February 1992, in the amount of $8,695 and on or about October 1992, in the amount of $10,150.

4. The HEAL promissory notes require the defendant to notify the lender or other holder of the note of any change in name, address or school enrollment status and to pay reasonable costs of collection on in case of default, the defendent failed to do so.

5. Despite demands for payment, the defendant has not satisfied his financial obligation to the United States in addition the defendant did not respond to the HHS 'demand letters. The official records show the defendant made no effort to contact the HHS to resolve the indebtedness.

6. The defendant consolidated his HEALs on March 20, 1995 into a HEAL Relief Account and the HHS issued a payment in the amount of $70,867 to the SLMA on October 26, 2001. The HHS' payment to the SLMA was a result of the defendant's default on the Heal Relief Account.

7. The HHS has not received payment from the defendant and the records show the HHS has not received funds in behalf of the defendant as a result of a loan consolidation. The amount reflected on the Certificate of Indebtedness dated February 20, 2003, plus additional interest is still due and owing.

I declare under penalty of perjury that the foregoing is, to the best of my knowledge and belief, true and correct.

Executed on January 7, 2004, at Rockville, Maryland.

Barry M. Blum
Chief, Referral Control Section
DFO, PSC, HHS

sibilities. Please use a black ink ballpoint pen. Please review all information on your HEAL Relief promissory note. When it is complete, detach the top copy and forward it to the HEAL Relief Originations Center. Keep the copy marked "Applicant Copy" for your records.

CHORNY, SCOTT B
PO BOX 1820
WESLACO, TX 78599

MAR 24 1995

03/13/95
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

HEAL DEBT TO WHICH THIS PROMISSORY NOTE IS APPLICABLE (LISTED BY HOLDER)

| CREDITOR /HOLDER NAME | PAYOFF BALANCES PER HOLDER |
| --- | --- |
| SALLIEMAE - LSCVH | $48,122.39 |

| TOTAL HEAL DEBT TO BE CONSOLIDATED | $48,122.39 |
| --- | --- |

**WARNING: Any person who knowingly makes a false statement or misrepresentation in a HEAL loan transaction, bribes or attempts to bribe a Federal official, fraudulently obtains a HEAL loan, or commits any other illegal action in connection with a HEAL loan is subject to possible fine and imprisonment under Federal statute.**

NOTICE: If the borrower is a minor and this Note would not, under applicable State law, create a binding obligation, the lender may require an endorser also to sign this Note.

Please read the "PROMISE TO PAY" and the "BORROWERS RIGHTS AND RESPONSIBILITIES" carefully. Do not make any alterations for such alterations will nullify the terms and agreements of the Note. This is a legally binding contract. Sign and date the promissory note in ink.

## Promise To Pay/Promissory Note (Please read and sign where indicated.)

I promise to pay to the Student Loan Marketing Association, or a subsequent holder of this Promissory Note ("Lender"), all sums disbursed (hereafter "loan") under the terms of this Note to discharge my prior loan obligations, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs and late fees. The terms of this Note shall be constructed according to the law (42 U.S.C. 292-292p) and the Federal Regulation (42 CFR Part 60) governing the administration of the Health Education Assistance Loan (HEAL) Program, copies of which are on file with the holder of this Note. I understand that the amount of the loan will be based on the payoff balance(s) as provided by the holder(s)/servicer(s) of loans being consolidated. I agree that all proceeds from this loan will be used solely to repay existing HEAL loans.

I understand that this is a Promissory Note and this Note supercedes all previous Promissory Notes associated with the consolidation of the above HEAL debt. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. My signature certifies I have read, understand and agree to the terms and conditions, including the "Borrowers Rights and Responsibilities," printed on the reverse side of this Promissory Note. I acknowledge that I have received, read and understand the provisions of this Note, as set forth on all pages of this document.

APPLICANT SIGNATURE x [signature] DATE 3-20-95 SOC. SEC. NO. 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

**PLEASE REMEMBER: UNTIL YOU HAVE BEEN NOTIFIED THAT YOUR HEAL RELIEF ACCOUNT HAS BEEN APPROVED, YOU MUST MAKE PAYMENTS AS DUE ON EACH OF THE LOANS TO BE CONSOLIDATED.**

The Lender and I further understand and agree that:

**NOTIFICATION**

I must immediately notify the lender (in this Note, the term "lender" [illegible] or the Note) in writing if any of the following occurs to me before the loan is repaid in full: 1) change of address, 2) name [illegible] 3) failure to begin any activity eligible for deferment status, or 4) cessation or participation in an activity eligible for deferment status.

ALL RIGHT, TITLE AND INTEREST OF THE UNDERSIGNED IS HEREBY ASSIGNED (WITHOUT WARRANTY, EXCEPT THAT THE NOTE QUALIFIES FOR INSURANCE) TO THE UNITED STATES OF AMERICA

BY [signature]

**INTEREST**

1. Beginning on the day the loan is disbursed, [illegible] the beginning of the repayment period may be postponed until the date upon which repayment of principal is required [illegible] Interest which has accrued and is not paid may be added to the principal sum of this Note not more frequently than every 12 months. Beginning when the repayment period commences, interest shall accrue and be paid as set forth in the Repayment Schedule which the lender shall establish and provide to me. Interest that is not paid shall be added to the principal sum of the Note annually.
2. Interest shall accrue and be payable at a yearly rate [illegible] calculated by the Secretary or the Department of Health and Human Services for each calendar quarter and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus three percent, rounding this figure up to the nearest one-eighth of one percent. *The rate of interest applied to this Note shall be the ninety-one day U.S. Treasury Bill auctioned during the preceding quarter, plus three percent, rounding this figure up to the nearest one-eighth of one percent.*
3. Any change in the quarterly rate of interest will affect the monthly payment amount, and may affect the number of payments, or the amount due at maturity.
4. I understand you will reduce the interest rate by 1/4 of one percent during any period installment payments are made by direct debit through my bank or other financial institution eligible to make automated clearing house payments. This reduction will terminate if installment payments in the full amount due are not actually made for any reason (such as, for example, insufficient funds in my bank account), my loan enters into any forbearance, deferment or grace period, my bank is not eligible to make automated clearing house payments, or I cancel the payment arrangement.
5. I understand you will permanently reduce the interest rate by 1/2 of one percent if and when you receive the first 48 scheduled installment payments due on this Note in full on or prior to their due dates.

**PREPAYMENT**

I may, at my option and without penalty, prepay all or any part of the principal and accrued interest at any time.



4. The terms and conditions of repayment shall be set forth in a separate Repayment Schedule which the lender shall [illegible]

5. I understand that this loan must be repaid in accordance with my Repayment Schedule. If my account becomes overdue by more than sixty days, the lender must notify an appropriate consumer credit reporting agency of this, which may significantly and adversely affect my credit rating. The lender must also use collection agents and utilize other collection activities (including litigation) if my account becomes overdue.

**CREDIT REPORTING AGENCY**

My educational institution or my lender may disclose my loan, and any other relevant information, to appropriate consumer credit reporting agencies. If I am more than sixty days past due in making a scheduled payment, the lender of my loan will notify an appropriate consumer credit reporting agency of my past due status, and any other relevant information.

**LATE CHARGE**

If a scheduled payment is late, I will be charged five cents for each dollar of the installment payment due.

**DEFERMENT**

1. Monthly installments of principal and interest need not be paid, but interest shall accrue:
   (A) When I am carrying a full-time course of study at a HEAL school or at an institution of higher education eligible to participate in the Federal Stafford Loan Program.
   (B) When I am participating in a fellowship training program or full-time educational activity for not in excess of two years as described in paragraph 1 under REPAYMENT above.
   (C) Not in excess of three years for each of the following when I am:
      (1) a member of the Armed Forces of the United States;
      (2) in service as a volunteer under the Peace Corps Act;
      (3) in service as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973; and
      (4) a member of the National Health Service Corps;
   (D) Not in excess of four years when I am a participant in an accredited internship or residency program. Except that this limitation of four years also includes any period of deferral of the onset of the repayment period for participation in an internship or residency program.
   (E) Not in excess of one year, if I graduated from a school of chiropractic; and
   (F) Not in excess of three years, when I have completed an accredited internship or residency training program in osteopathic general practice, family medicine, general internal medicine, preventive medicine, or general pediatrics, and am practicing primary care.
2. To receive a deferment, including a deferral of the onset of the repayment period (see REPAYMENT), I must, prior to the onset of the activity and annually thereafter, submit to the lender evidence of my status in the deferment activity and evidence that verifies deferment eligibility of the activity. It is my responsibility to provide the lender with all required information or other information regarding the requested deferment.

**DEATH/DISABILITY**

If I die or become totally and permanently disabled, my unpaid indebtedness on this Note shall be cancelled in accordance with applicable Federal statute and regulations.

**FORBEARANCE**

I have the right to be granted forbearance whenever I am temporarily unable to make scheduled payments on my HEAL Relief Account and I continue to repay the loan in an amount commensurate with my ability to repay the loan unless the Secretary determines that my default is inevitable and the forbearance will be ineffective in preventing default. A lender must exercise forbearance, in accordance with terms that are consistent with the thirty-three year limitation on the length of repayment, if the lender and the borrower agree in writing to the new terms. *Each forbearance period may not exceed six months and the total period of forbearance (with or without interruption) granted to me must not exceed two years unless an extension is granted* by the Secretary

**DEFAULT**

If I do not make payments when due, my loan may be declared in default. If I default, the Federal Government will take over my loan and I will then owe the Government. The Federal Government will actively pursue me for repayment of the debt, including the use of collection agents and reporting my default to consumer credit reporting agencies or to the Internal Revenue Service for purpose of locating me or for income tax refund offset, and referral to the Department of Justice for litigation. I may be the subject of court action to force me to pay. The Secretary shall also cause to be reduced Federal reimbursements or payments for health services under any Federal law to borrowers who are practicing their professions and have defaulted on their loans, and may make other administrative offsets, including salary offsets for Federal employees. The Government may also report any written off debt to the Internal Revenue Service as taxable income, and may undertake any other debt collection procedures in accordance with the Claims Collection Regulations (45 CFR Part 30).

1. *In the event of my default on this loan, the entire unpaid loan including interest due and accrued shall, at the option of the holder of this Note, become immediately due and payable.*
2. If I fail to make a scheduled payment, or fail to comply with any other term of this Note, the lender may: (a) refer my loan to a collection agent for further collection efforts; (b) initiate legal proceedings against me; (c) refer my loan to the Secretary for collection assistance; and (d) obtain my address from the Internal Revenue Service, through the Secretary, if the lender has no current address for me.
3. If I fail to make a scheduled payment, or fail to comply with any other term of this Note, any HEAL school or post-graduate training program I have attended may assist in the collection of my loan, including providing information concerning me to the Secretary and to past and present lenders and holders of my HEAL Relief Account.
4. No Federal or State statute, regulation, or administrative limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action may be initiated or taken by the Secretary, the Attorney General, or other administrative head of another Federal agency, for the repayment of the amount due on this Note.

**BANKRUPTCY**

*I may not have my loan discharged in bankruptcy during the first seven years of the repayment period, under any chapter of the Bankruptcy Act, including Chapter 13. I may have a HEAL* Relief Account discharged in bankruptcy after the first seven years of the repayment period, excluding any periods of forbearance and deferment, only upon a finding by the Bankruptcy Court that the non-discharge of such debt would be unconscionable and upon the condition that the Secretary shall not have waived his or her rights to reduce any Federal reimbursements or *Federal payments for health services under any Federal law in amounts up to the balance of the loan.*

**BORROWER'S RIGHTS**

1. The lender (holder) cannot change the terms of *my HEAL Relief Account* without my consent.
2. The lender must provide me with a copy of the completed Promissory Note when application for a HEAL consolidation loan is made. The lender (holder) must return the note to me when the loan is paid in full
3. The holder will advance funds on my behalf to all creditors who currently hold HEAL loans named on this Note. The funds so advanced will be disbursed to the holder of the loans designated above in order to pay off these loans on my behalf. *I further understand that the amount of this CONSOLIDATION LOAN will equal the sum of the amounts which my creditors verify are the payoff balances on these loans. This amount may be more or less than the estimated total balance. If verified total balance on loans to be consolidated exceeds the estimate by $2,000 or 5 percent, whichever is lower, the holder will issue a new Promissory Note.* If the amount the consolidating lender advances to my holder(s) exceeds the amount needed to pay off my balance(s), I understand that the holder will refund the excess to the consolidating lender for application against the outstanding principal balance of my consolidation loan. *If* the amount the consolidation lender advances to my holder(s) is less than the amount needed to pay off my balance(s), I agree to either pay off the remaining balance or to take such actions as the consolidation lender deems appropriate to authorize the consolidation lender to include the remaining amount in an addendum to this Note.
4. The lender (holder) will *provide me with a repayment schedule before the repayment period* begins.
5. If the loan is sold from one lender to another lender, or if the loan is serviced by a party other than the lender, the holder must notify me within 30 days of the transaction and I must be sent a notification which spells out my obligations to the new holder
6. I have a right to a 9-month "grace period" before repayment begins after I have completed internship and residency in an accredited program, or a fellowship training program or full-time educational activity approved by the Secretary for this purpose.
7. I have a right to deferment of principal and interest repayments if certain conditions exist. Under deferment I am not required to make payments on the loan principal or interest for a period of time. However, interest continues to accrue during any deferment period. To receive a deferment, including a deferral of the onset of the repayment period (See Section 60.11(a) of the HEAL regulations) I must, prior to the onset of the activity and annually thereafter, submit to the holder of the Note evidence of my status in the deferment activity and evidence that verifies deferment eligibility of the activity. It is my responsibility to provide the holder with all required information regarding the requested deferment.
8. I have a right to prepay the whole or any portion of the loan at any time without a penalty
9. *If I contact the holder of my loan at least 30 but not more than 60 days before the commencement of my repayment period to establish the precise terms of repayment,* I may select a monthly repayment schedule with substantially equal installments or a monthly repayment schedule with graduated installments that increase in amount over the repayment period.
10. My loan obligation will be cancelled in the event of my death or permanent and total disability in accordance with applicable Federal statutes and regulations.
11. "Forbearance" means an extension of time for making loan payments or the acceptance of smaller payments than were previously scheduled to prevent me from defaulting on my payment obligations. I have the right to be granted forbearance whenever I am temporarily unable to make scheduled payments of my HEAL Relief Account and I continue to repay the loan in an amount commensurate with my ability to repay the loan unless the Secretary determines that my default is inevitable and the forbearance will be ineffective in preventing default. A lender (holder) must exercise forbearance, with terms that are consistent with the 33-year limitation on the length of repayment, if the lender (holder) and the borrower agree in writing to the new terms. Each forbearance period may not exceed 6 months and the total period of forbearance (with or without interruption) granted to me must not exceed 2 years unless an extension is granted by the Secretary
12. The lender (holder) must notify me in writing of the balance owed for principal, interest, and any other charges or fees owed to the lender (holder), at least every 6 months from the time my loan was disbursed to me.
13. The lender and I, by mutual agreement, may consolidate all of my HEAL notes into a single instrument under the terms applicable to an insured loan made at the same time as the consolidation. The lender or loan holder should provide full information to me concerning the advantages and disadvantages of loan consolidation.

**BORROWER'S RESPONSIBILITIES**

1. I understand that there is no interest subsidy on a HEAL loan and that I must pay all [illegible] [illegible] make payments on time or if I default, the total amount to be repaid will be increased by late charges and may be increased by additional interest costs, attorney's fees, court costs and other collection costs.
2. I must immediately notify the lender (holder) in writing if any of the following occurs to me before the loan is repaid in full: a. change [illegible]; b. name change (e.g., maiden name to married name); c. failure to begin any activity eligible for deferment status, or d. cessation of participation in an activity eligible for deferment status.
3. I must notify the lender (holder) of any occurrence which may affect my eligibility to receive [illegible] deferment of principal and interest payments.
4. To receive a deferment, including a deferral of the onset of the repayment period (See Section 60.11(a) of the HEAL regulations), I must, prior to the onset of the activity and annually thereafter, submit to the holder of the Note evidence of my status in the deferment activity and evidence that verifies deferment eligibility of the activity. It is my responsibility to provide the holder with all required information or other information regarding the requested deferment.
5. I understand that this loan must be repaid in accordance with my repayment schedule. *If my account becomes overdue by more than 60 days,* the lender (holder) must notify an appropriate consumer credit reporting agency of this, which may significantly and adversely affect my credit rating. The lender (holder) must also use collection agents and utilize other collection activities (including litigation) if my account becomes overdue
6. If I do not make payments when due, my loan may be declared in default. If I default, the Federal Government will take over my loan and I will then owe the Government. The Federal Government will actively pursue me for repayment of the debt, including the use of collection agents and reporting my default to consumer credit reporting agencies or the Internal Revenue Service for purpose of locating me or for income tax refund offset, and referral to the Department of Justice for litigation. I may be the subject of court action to force me to pay. The Secretary shall also cause to be reduced Federal reimbursements or payments for health services under any Federal law to borrowers who are practicing their professions and have defaulted on their loans, and may make other administrative offsets, including salary offsets for Federal employees. The Government may also report any written off debt to the Internal Revenue Service as taxable income and may undertake any other debt collection procedures in accordance with the Claims Collection Regulations (45 CFR Part 30)
7. I do not have the right to have my loan discharged in bankruptcy during the first 7 years of the repayment period. This prohibition against the discharge of a HEAL loan applies to bank- [illegible]

1. Last Name: CHORNY | First Name: SCOTT | Middle Initial: B | 1a Former Name (e.g., maiden name): N/A | 2. Social Security Number: 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

3. Permanent Street Address: P.O. Box 1820 | 4. Day Telephone Number: 210-974-9390 | 5 Evening Telephone Number: 210 - SAME 464-3555

City: WESLACO, State: TX Zip: 78599 | 6. Date of Birth (month/day/year): 10-29-67 | 7 Driver's License Number: 16628917 - TX

8 Employer (Name): WIPF CHIROPRACTIC | Address: 111 W. Bus. Hwy. 83 | 9. Major Course of Study Code (see instructions): CHM

City: WESLACO, State: TX Zip: 78596 | 10 Graduation Date or Less than Full Time Date: MAY 1993 grad. | 11 Grace End Date (if applicable): N/A

12. Are you delinquent on the repayment of any Federal Debt? ☐ Yes ☒ No

13. Citizenship Status: ☒ A U.S. Citizen ☐ B U.S. National ☐ C. U.S. Permanent Resident ☐ D Other | Registration # ______ Country of Citizenship ______

Name and Address of another Adult Relative not living with you:

| 14a | 14b | 14c |
|---|---|---|
| Name: OLGA L. CHORNY | Name: DANIEL CHORNY | Name: SYDNEY MATHENY |
| Relationship to Borrower: WIFE | Relationship to Borrower: FATHER | Relationship to Borrower: MOTHER |
| Permanent Address: P.O. Box 1820 | Permanent Address: 8820 NEWTON | Permanent Address: 307 N. CHERRY |
| City, State, Zip Code: WESLACO, TX 78599 | City, State, Zip Code: Overland Park, KS 66212 | City, State, Zip Code: GARDNER, KS 66030 |
| Area Code & Telephone Number: 210-464-3555 | Area Code & Telephone Number: (913) 642-9720 | Area Code & Telephone Number: (913) 856-6362 |

... outstanding HEAL loans ... ineligible debt (e.g., GSL, ...) ... Account ...

| 15 Name and Address of Current Holder | 16. Account Number | 17. Original Principal Balance $ | 18. Interest % Rate* | 19 1st Disbursement Month/Year | 20 Current Balance $ |
|---|---|---|---|---|---|
| SALLIE MAE - LOAN SERV. CNTR. P.O. Box 1660 Merrifield, VA 2216 | 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-1 | 2,720. | 7.25 | 10/90 | 3,480. |
| SAME | SAME | 8,400. | 7.25 | 9/90 | 10,795. |
| SAME | SAME | 8,200. | 7.25 | 4/91 | 10,033. |
| SAME | SAME | 8,695. | 7.25 | 2/92 | 10,066. |
| SAME | SAME | 10,150. | 7.25 | 10/92 | 11,285. |
| N/A | * | CORRECTION: | ALL | INTEREST | |
| | | RATES | ARE | NOW | 8.5%. |
| | | | | [initials] 2-2-95 | |

21. ☒ I choose GRADUATED REPAYMENT OPTION 1 (50% interest payments in year 1 and 75% interest payments for year 2 followed by payment step-ups in years 3-5, level payments beginning in year 6.) [initials]

☐ I choose GRADUATED REPAYMENT OPTION 2 (75% interest payments for year 1 and 85% interest payments for year 2 followed by payment step-ups in years 3-5, level payments beginning in year 6.)

☐ I choose a LEVEL Repayment Plan (level principal and interest payments over the life of the loan.)

Certification (read and sign where indicated) ... that I may consolidate my ... concerning my student loans ... of Sallie Mae ... consolidating my student loans ... HEAL school ... all my HEAL loans are listed ... true and correct ...

... Social Security No. 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

... concerning the HEAL ...

Signature: [signature]

Date: 5/3/95

RELIEF - 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION B-03-213 |
| | § | (Claim NO. C103-00321) |
| SCOTT B. CHORNY | § | |
| | § | |
| Defendant | § | |

## Affidavit on Attorney's Fees

The State of Texas §
§
County of Harris §

Before me, the undersigned Notary Public, on this day, personally appeared M. H. Cersonsky, who, being by me duly sworn on his oath did depose and say as follows:

1. I am attorney of record for the Plaintiff. I have personal knowledge of all facts stated in this affidavit and the same are true and correct and I am in all respects qualified to make this affidavit.

2. I am an attorney licensed to practice in the Courts of the State of Texas, the United States Court of Appeals for the Fifth Circuit, the United States District Court for the Southern, Northern, Eastern and Western Districts of Texas and have previously represented clients in connection with claims such as this suit presently before this Court. I have practiced law in the Southern District of Texas for over twenty-two (22) years. I am familiar with the fees customarily charged by attorneys in Harris, Galveston, Nueces, Webb and Hidalgo Counties, Texas for handling suits on commercial and consumer claims, and am familiar with the attorney's services normally required for the proper prosecutions of suits founded upon a commercial claim, consumer claim, including student loans cases.

3. In connection with the prosecution of this suit the following services have been rendered on behalf of the Plaintiff in connection with the handling of this claim: review of file, making written demand upon the Defendant, reviewing documentation upon which Plaintiff's claim is founded, drafting and filing Plaintiff's Complaint, obtaining service of Summons upon Defendant, conferring with the Clerk of the Court concerning service of Summons and

whether an appearance had been entered by Defendant, and drafting of the Motion for Summary Judgment, Judgment and Affidavits. Each and every one of the above-described services, together with services reasonably anticipated to be required in the collection of the account, are reasonable and necessary to the proper prosecution of this cause. In addition to services performed in the past, there are legal services which must be performed in the future in order to properly prosecute this case. Those services include abstracting the judgment and filing of record in the appropriate counties, the conducting of post-judgment discovery in order to discover assets of Defendant subject to execution, the obtaining of a Writ of Execution and obtaining service thereof. Each and every one of such legal services to be performed in the future is reasonable and necessary for the proper prosecution of a commercial claim and for this claim.

4. This claim is being handled on a contingent fee basis. A reasonable fee for an attorney with my experience would be $3,500.00 for work done on this case to date. In my opinion, taking into consideration the amount in controversy, the legal questions involved, the benefit conferred and the time required, a reasonable attorney's fee for the attorney's services rendered in the prosecution of this claim is $3,500.00, additional fees in the event of appeal to the Fifth Circuit Court of Appeals would be $5,000.00."

M. H. Cersonsky

Subscribed and Sworn to before me on February 3, 2004, to certify which witness my hand and seal of office.

SAN JUANITA RUIZ
Notary Public, State of Texas
My Commission Expires 02-25-06

Notary Public in and for
The State of Texas

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION B-03-213 |
| | § | (Claim No.C103-00321) |
| SCOTT B. CHORNY, | § | |
| | § | |
| Defendant | § | |

## Memorandum in Support of Plaintiff's Motion for Summary Judgment

This case arises under the Higher Education Act of 1965, as amended, 20 U.S.C. §1070-1080, which establishes a program of federally insured loans to qualified students of post-secondary educational institutions. Under this program, and the terms of the Notes executed pursuant to said program, repayment of the loan is made in installments and the student-borrower is to begin the repayment nine to twelve months after the student ceases to carry at least one-half of the normal full-time academic workload at the eligible institution.

20 U.S.C. § 1080 sets out, inter alia, the procedure to be followed by the lending institutions (defined in the Act as insurance beneficiaries) in the case of a default by the student-borrower, the conditions precedent to suit by the Commissioner of Education, collection standards, and subrogation rights of the United States upon payment to the insured upon the loan as soon as that amount has been determined.

Background Facts: Defendant, Scott B. Chorny, while a student, made application for and received federally insured student loans from the Department of Health and Human Services for total original principal amounts of $2,720.00, $8,400.00, $8,200.00, $8,695.00,

and $10,150.00. Chorny executed and delivered to the Student Loan Marketing Association (1)consolidated note dated March 20, 1995 for a total combined principal sum of $48,429.44 respectively.

The Department of Health and Human Services (DHHS) was notified that after due diligent collection action, that Defendant did not repay his loans. As a result of Defendant's default on the above note, it became necessary for DHHS to purchase the note as required by law. The Certificate of Indebtedness, signed by Barry M. Blum, Chief, Referral Control Section, Debt Management Branch of the Department of Health and Human Services, summarizes the information contained in Defendant's loan file and discloses the sums borrowed and the assignment made to the United States Government. (See Exhibit "A", which is a true and correct copy of the Certificate of Indebtedness signed February 20, 2003, attached to the Affidavit of Amount Due).

Plaintiff's Prima Facie Case. In moving for Summary Judgment, Plaintiff bears the burden of proof on all the allegations in its Complaint. Based upon the record now before the Court, including the Certificate of Indebtedness, attached to the Affidavit of Amount Due as Exhibit "A", it is clear that the United States has discharged its burden of proving its case as required by Rule 56. *United States v. Lawrence*, 276 F.3d 193,197 (5th Cir. 2001); *Keiser v. Coliseum Properties, Inc.,* 614 F.2d 406 (5th Cir. 1980), and *United States v. Durbin*, 64 F. Supp.2d 635, 636 (S.D. Tex. 1999).

The Plaintiff has established its prima facie case through the affidavit of M. H. Cersonsky, which sets out the amount due, that:

1) Plaintiff is the owner and holder of Defendant's note, which is attached to the affidavit of M. H. Cersonsky;
2) Defendant signed the Note;

3) a default has occurred in payment of the Note; and

4) the principal amounts owed on the Note, plus pre and post-judgment interest.

It is well settled that in responding to a Motion for Summary Judgment, an adverse party may not rest upon mere allegations of his pleadings. Rather, he must, by affidavits or other evidentiary matter, set forth specific facts showing that there is no genuine issue for trial. See *Lawrence*, 276 F.3d at 197 and *Durbin,* 64 F.Supp.2d at 636. Thus, Chorny has to provide summary judgment evidence that he is not indebted to the United States or that he is not a proper Defendant in this action.

Defendant's Defense

Payment - Defendant has raised the defense of payment. The burden to plead and prove payment rests with the Defendant. The borrower "has the responsibility to produce evidence". *Durbin*, 64 F.Supp.2d at 636-637. As explained by the court in *Durbin*:

> Evidence is not simply saying that something is true ; evidence is specific facts of when, who, where, and how much as well as supporting records like canceled checks and tax returns. id. at 637. Payment is proved by showing the original note stamped paid or returned checks or credits from tax refunds. id.

Once the government produces sufficient evidence to satisfy its summary judgment burden, the burden shifts to the debtor to "set forth specific facts showing that there is a genuine issue for trial," not just to "rest upon the mere allegations or denials of the adverse's party's pleadings." *Lawrence*, 276 F.3d at 197*; Resolution Trust Corp. v. Camp*, 965 F.2d at 29. Self -serving allegations of payment without proof are not the type of "significant probative evidence" required to defeat summary judgment. *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F2d 436, 440 (5th Cir. 1982); *Lawrence*, 276 F.3d at 197.

## Attorney's Fees

USA has requested attorney's fees. 20 U.S.C. §1080(b) provides for the recovery of reasonable administrative costs and collection costs. Also, this suit is one based on a contract and USA, which has made demand for payment more than 30 days before the suit was filed, is entitled to its reasonable attorney's fees. Attorney's fees are allowed by federal law. *Durbin*, 64 F. Supp.2d at 636. Attached is an Affidavit on Attorney's Fees in support of this request for attorney's fees.

Conclusion. Based on the record before the Court, Plaintiff has discharged its burden of proof in establishing the factual bases underlying its claim for recovery, there is no genuine issue as to any material fact, and Plaintiff is entitled to Summary Judgment as a matter of law.

Respectfully submitted,

ALONSO, CERSONSKY & GARCÍA, P.C.

By: [signature]

M. H. Cersonsky, TBA#04048500
Jim L. García, TBA#07636700
Galleria Financial Center
5065 Westheimer, Suite 600
Houston, Texas 77056
Tel. No.: (713) 840-1492
Fax No.: (713) 840-0038

Attorneys for United States of America

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA, §
§
Plaintiff §
§
VS. § CIVIL ACTION B-03-213
§ (Claim No.C103-00321)
SCOTT B. CHORNY, §
§
Defendant §

## Summary Judgment

It is adjudged that the United States of America recover from Scott B. Chorny:

**Claim No.C103-00321:**

| | |
|---|---|
| Current Principal | $74,588.11 |
| Interest on Principal (As of January 31, 2003) | $ 898.47 |
| Attorney's Fees | $ 3,500.00 |
| Total Due | $78,986.58 |
| Interest Rate: 4.375% | |
| Daily Accrual: $8.94 | |

Post Judgment interest at __________% per annum, and

Private Process Server Fees of $65.00.

SIGNED: _______________, 2004 at Houston, Texas.

_______________________________
Lynn N. Hughes
United States District Judge