United States District Court
Southern District of Texas
FILED

JUN 2 4 2004

Michael N. Milby, Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| United States of America, | § | |
| Plaintiff, | § | |
| | § | CIV. ACTION NO. B-03-213 |
| v. | § | |
| | § | |
| Scott B. Chorny, | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Scott B. Chorny, Defendant in the above-referenced case, entered into student loan agreements with the United States of America ("Plaintiff"). After the Defendant failed to repay the loans, Plaintiff filed suit to collect the money it allegedly is owed. The Plaintiff filed a Motion for Summary Judgment (Docket Entry No. 7), and a hearing on that motion was held June 23, 2004. The motion for summary judgment is now ripe for a decision.

### BACKGROUND

Plaintiff filed a complaint on November 19, 2003, asserting that the Defendant was indebted to Plaintiff for the amount of $74,588.11; the alleged debt stems from the Defendant's failure to repay school loans. The Defendant, acting pro se, answered the complaint (Docket Entry No. 5) and asserted that the loans in question had been consolidated and were in good standing. *See* Docket Entry No. 5 at 2.

Plaintiff then filed a Motion for Summary Judgment (Docket No. 7), essentially arguing that the Defendant had not raised a genuine issue as to any material fact and that the United

1

States was entitled to judgment as a matter of law. In support of its motion, the Government filed

a series of affidavits, along with other evidence and a memorandum of law. Thereafter, the

Defendant filed a response to the Government's motion (Docket Entry No. 8), in which he again

argued that the loans at issue were consolidated and were in good standing.[1]

A hearing on the motion for summary judgment was set for June 23, 2004. On June 14,

2004, before the hearing was held, the Defendant filed a document labeled "Defendant's Request

to Dismiss Civil Action" (Docket Entry No. 14). Therein, the Defendant asserted that the case

had been settled and that, therefore, it should be dismissed. The Defendant also stated that he

now accepts responsibility for the loans in question and essentially admits that he is indebted to

the Government for the amount allegedly owed. *See* Defendant's Affidavit in Support of

Dismissal of Civil Action Number B-03-213, Docket Entry No. 14 ("[T]he defendant, Scott B.

Chorny, has accepted responsibility for the HEAL loan amounts in dispute in Civil Action

Number B-03-213").

The hearing on Plaintiff's Motion for Summary Judgment was held as scheduled on June

23, 2004. However, Defendant Chorny failed to appear. At the hearing, counsel for the

Government provided the Court with a copy of its Response to Defendant's Request to Dismiss

Civil Action, which is not yet docketed, but presumably will be when it is received by the clerk's

office. Therein, the Plaintiff clarifies that no settlement has been reached.

At the hearing, the Government presented argument in support of its motion for summary

judgment. As noted above, Defendant Chorny did not appear, so his opposition to summary

---

[1] The Defendant also filed an addendum to his response to the motion for summary judgment
(Docket Entry No. 11).

2

judgment is limited to the documents and pleadings in the record.

## DISCUSSION

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall

be granted if the pleadings, depositions, and affidavits show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law. FED. R.

CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265

(1986). The Supreme Court has held that Rule 56 mandates the entry of summary judgment

against a party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.

In deciding a Motion for Summary Judgment, the Court is not to weigh the evidence in an

effort to determine the truth of the matter; rather, the Court's function is to determine if there

exists a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct.

2505, 2510, 91 L.Ed.2d 202 (1986). A dispute is determined to be genuine, or otherwise,

according to the strength of the showing made in a motion's opposition, which must do more

than simply show there is some metaphysical doubt as to the material facts; opposition must

come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d

538 (1986).

Based on the record now before the Court –including the Certificate of Indebtedness, the

Affidavit of the Amount Due, the Declaration of Barry M. Blum, and the promissory note signed

by the Defendant– it is clear that the United States has discharged its burden of proving its case

3

as required by Rule 56. *See United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406 (5th Cir. 1980); *United States v. Durbin*, 64 F.Supp.2d 635, 636 (S.D.Tex 1999). More specifically, the Plaintiff has established that the United States is the owner and holder of Defendant's note; that the Defendant signed the note; and that a default has occurred on the note. *See* Evidence attached to Plaintiff's Motion for Summary Judgment, Docket Entry No. 7; *see also Lawrence*, 276 F.3d at 197 (setting forth the government's initial summary judgment burden in student loan cases).

Because the government produced sufficient evidence to satisfy its summary judgment burden, the burden shifts to the Defendant to "set forth specific facts showing that there is a genuine issue for trial," not just to "rest upon the mere allegations or denials of the adverse party's pleadings." *Id.*

Chorny's only response to the government's motion for summary judgment was his own affidavit contesting that the note was in default. Such evidence is not sufficient to defeat a motion for summary judgment. Self-serving allegations of payment, without proof, are not the type of "significant probative evidence" required in this context. *In re Municipal Bond Reporting Antitrust Lit.*, 672 F2d 436, 440 (5th Cir. 1982); *see also Lawrence*, 276 F.3d at 197. Furthermore, in Defendant Chorny's latest pleading, he admits –under oath– that he "has accepted responsibility for the HEAL loan amounts in dispute in Civil Action Number B-03-213." *See* Docket Entry No. 14 at Defendant's Affidavit in Support of Dismissal of Civil Action Number B-03-213. In other words, Chorny has conceded his default.

Given the above discussion, it is clear that the Defendant has failed to meet his burden. He has adduced no competent summary judgment evidence demonstrating that there is a genuine

4

issue for trial. *Lawrence*, 276 F.3d at 197. Plaintiff is accordingly entitled to summary judgment.

In cases such as this, when the government succeeds in an action against a borrower on a defaulted student loan, in addition to the unpaid amount, the lender may collect attorney's fees and reasonable administrative and collection costs. *Durbin*, 64 F.Supp.2d at 636.

## RECOMMENDATION

For the above-stated reasons, this Court RECOMMENDS that the Plaintiff's Motion for Summary Judgment (Docket Entry No. 7) be GRANTED. Furthermore, the Court RECOMMENDS that judgment be entered in favor of the Plaintiff in the following amounts:

| | |
|---|---|
| Current Principal: | $74,588.11 |
| Interest on Principal (as of 1/31/03) | $    898.47 |
| Attorney's Fees: | $  3500.00 |
| Total Due: | $78,986.58 |

| | |
|---|---|
| Interest Rate: | 4.375% |
| Daily Accrual: | $ 8.94 |

Post Judgment Interest at _____ % per annum; and
Private Process Server Fees of $65.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

5

a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, this ⟨24th⟩ day of June, 2004.

Felix Recio
United States Magistrate Judge

6